IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02392-PAB-KLM

LAUREN GOYEN,

    Plaintiff,

v.

VAIL CORPORATION a/k/a Vail Holdings, Inc.,
d/b/a Vail Associates, Inc., and
UMR, INC., f/k/a Fiserv Health,

    Defendants.

## ORDER

    This matter is before the Court on defendants' motions to dismiss [Docket Nos. 9 and 10] pursuant to Federal Rule of Civil Procedure 12(b)(6).

    Plaintiff initiated this action in state court, and defendants removed the case to this Court on September 30, 2010.  *See* Docket No. 1.  In her complaint, plaintiff brings three claims for relief, each of which arises from the allegedly wrongful denial of benefits pursuant to a health benefit plan (the "Plan") owned and sponsored by defendant Vail Corporation ("Vail") and administered by defendant UMR, Inc. ("UMR"). *See* Docket No. 1-5 at 2-3, ¶¶ 2-3.  Defendants contend that plaintiff's claims for relief, which all arise under state law, are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et. seq.*

    Plaintiff alleges in her complaint that, "[a]s a plan that is not entirely self-funded, this Plan is subject to Colorado laws regulating insurance," Docket No. 1-5 at 3, ¶ 8,

and, argues plaintiff, the Plan is therefore not preempted by ERISA. *See* Docket No. 15 at 4-6; *cf. Fuller v. Norton*, 86 F.3d 1016, 1023 (10th Cir. 1996) (noting the Supreme Court's holding that self-funded ERISA plans are exempted from a state's regulation of insurance). The apparent basis for plaintiff's belief that the Plan is not self-funded is a "Form 5500 filed with [t]he Department of Labor" by Vail. Docket No. 1-5 at 3, ¶ 6. Vail asserts that the Form 5500 does not support plaintiff's averment that the Plan is not entirely self-funded. *See* Docket No. 9 at 10, n.4. If a document is referenced in and central to a complaint, a court may consider its contents in resolving a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). However, no party has attached a copy of Form 5500 to its pleadings.

Furthermore, in its motion to dismiss, Vail informs the Court that it "does maintain high deductible stop-loss insurance that reimburses Vail only when certain individual and annual aggregate claims thresholds are exceeded." Docket No. 9 at 11. Vail filed a copy of that policy for the Court's consideration. In reply, plaintiff argues that the stop-loss insurance policy may render the Plan not self-funded for purposes of ERISA.

The Court finds that these factual issues, i.e., whether Form 5500 or the terms of the stop-loss insurance policy indicate that the Plan is not entirely self-funded, based on documents not attached to the complaint, are more appropriately resolved pursuant to the summary judgment standard. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the

court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). Therefore, the Court will grant plaintiff leave to file a surreply. To the extent that she disputes defendants' characterization of Form 5500, plaintiff shall submit a copy of the form as an exhibit to her surreply. Furthermore, plaintiff shall address the implication of the stop-loss insurance policy, the terms of which are in the record.[1]

For the foregoing reasons, it is

**ORDERED** that the Court converts the pending motions to dismiss [Docket Nos. 9 and 10] into motions for summary judgment on the issue of whether the Plan is self-funded. It is further

**ORDERED** that, on or before **5:00 p.m.** on **Monday, August 15, 2011**, plaintiff shall file a surreply not exceeding 10 pages. Defendants may not file additional briefing without leave of Court.

DATED August 2, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] In its reply, Vail takes issue with plaintiff's characterization of certain cited cases. *See* Docket No. 26 at 5-7. In her surreply, plaintiff will have the opportunity to address these points. Furthermore, plaintiff shall address the case law cited in Docket No. 26 at 7-8.