IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02392-PAB-KLM

LAUREN GOYEN,

    Plaintiff,

v.

VAIL CORPORATION a/k/a Vail Holdings, Inc.,
d/b/a Vail Associates, Inc., and
UMR, INC., f/k/a Fiserv Health,

    Defendants.

---

# ORDER

---

This matter is before the Court on defendants' motions to dismiss [Docket Nos. 9 and 10] pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Court converted into motions for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) on August 2, 2011. *See* Docket No. 40.

Plaintiff initiated this action in state court, and defendants removed the case to this Court on September 30, 2010. *See* Docket No. 1. In her complaint, plaintiff brings three claims for relief, each of which arises from the allegedly wrongful denial of benefits pursuant to a health benefit plan (the "Plan") owned and sponsored by defendant Vail Corporation ("Vail") and administered by defendant UMR, Inc. ("UMR"). *See* Docket No. 1-5 at 2-3, ¶¶ 2-3. Defendants contend that plaintiff's claims for relief, which all arise under state law, are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et. seq.*

## I. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver,* 36 F.3d 1513, 1517 (10th Cir. 1994); *see also Ross v. The Board of Regents of the University of New Mexico*, 599 F.3d 1114, 1116 (10th Cir. 2010). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.,* 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & County of Denver,* 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee,* 119 F.3d 837, 839 (10th Cir. 1997). When reviewing a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*; *see McBeth v. Himes*, 598 F.3d 708, 715 (10th Cir. 2010).

## II. DISCUSSION

ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has "long acknowledged that ERISA's pre-emption provision is 'clearly expansive.'" *California Div. of Labor Standards Enforcement v. Dillingham Const.*, 519 U.S. 316, 324 (1997) (citation omitted). Plaintiff does not dispute that her claims "relate to" an

employee benefit plan. Rather, she contends that ERISA preemption does not bar her claims in light of ERISA's "savings clause," which provides that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). However, the "savings clause," in turn, is limited in its scope by ERISA's "deemer clause," which provides that

> [n]either an employee benefit plan . . ., nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

29 U.S.C. § 1144(b)(2)(B).

In sum, "[s]tate laws that directly regulate insurance are 'saved' but do not reach self-funded employee benefit plans because the plans may not be deemed to be insurance companies, other insurers, or engaged in the business of insurance for purposes of such state laws." *FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990). An employee benefit plan is self-funded if "it does not purchase an insurance policy from any insurance company in order to satisfy its obligations to its participants." *FMC Corp.*, 498 U.S. at 54.[1]

The parties' dispute in this case turns on whether the Plan should be considered

---

[1] However, "employee benefit plans that are insured are subject to indirect state insurance regulation." *FMC Corp.*, 498 U.S. at 61. *See also Kidneigh v. UNUM Life Ins. Co. of America*, 345 F.3d 1182, 1191 (10th Cir. 2003). "An insurance company that insures a plan remains an insurer for purposes of state laws purporting to regulate insurance," and the "insurance company is therefore not relieved from state insurance regulation." *FMC Corp.*, 498 U.S. at 61 (internal quotation marks omitted).

3

"self-funded" in light of Vail's purchase of "stop-gap" insurance. Pursuant to the "stop-gap" policy, Vail is reimbursed when an individual claim under the Plan, after a deductible, exceeds a certain threshold. See Docket No. 9-4 at 11; *cf.* Docket No. 47-1 at 6.[2] Plaintiff argues that Vail's purchase of stop-gap insurance subjects the Plan to state regulation. In support of that position, plaintiff cites *State Farm Mut. Auto. Ins. Co. v. American Comm. Mut. Ins. Co.*, 659 F. Supp. 635, 636 (E.D. Mich. 1987), and *Michigan United Food and Commercial Workers Unions v. Baerwaldt*, 767 F.2d 308, 310 (6th Cir. 1985). The Supreme Court, however, has "held that ERISA preemption did not extend to the insurance relationships between a qualified plan and its insurer." *Health and Welfare Plan for Employees of REM, Inc. v. Ridler*, 942 F. Supp. 431, 433 (D. Minn. 1996) (citing *FMC Corp.*, 498 U.S. at 64-65). The purchase of stop-gap insurance by a plan may open the door to "indirect" regulation by the state,[3] but "'*FMC* does not hold that states are free to regulate ERISA plans insofar as the plans are insured.'" *Id.* (quoting *Lincoln Mut. Cas. Co. v. Lectron*, 970 F.2d 206, 210 (6th Cir. 1992). The Sixth Circuit case law to the contrary has "effectively been overruled." *Id.*

Contrary to plaintiff's position, "numerous courts have recognized that a plan does not lose its self-insured or self-funded status by purchasing stop-loss or excess

---

[2]Plaintiff also notes that the Form 5500 indicates that Vail purchased a second stop-gap policy on the Plan. See Docket No. 44 at 4. Vail responds with evidence that the second stop-gap policy is for a different benefit plan. See Docket No. 47 at 4.

[3]*See Ozarks Coca-Cola/Dr Pepper Bottling Co. v. Ritter*, 2011 WL 2491577, at *4 (W.D. Mo. June 22, 2011) ("Even if an ERISA plan is insured, as opposed to self-funded, it is only subject to indirect state regulation. This means states may only regulate the plan's insurance company and not the plan itself.") (citing *FMC Corp.,* 498 U.S. at 61).

4

insurance." *Administrative Committee of the Wal-Mart Associates Health and Welfare Plan v. Willard*, 302 F. Supp. 2d 1267, 1283 (D. Kan. 2004) (collecting cases); *see Bill Gray Enters., Inc. Employee Health and Welfare Plan v. Gourley*, 248 F.3d 206, 215 (3d Cir. 2001) ("Consistent with other courts of appeals, . . . we hold that when an ERISA plan purchases stop-loss insurance but does not otherwise delegate its financial responsibilities to another third party insurer, it remains an uninsured self-funded welfare plan for ERISA preemption purposes.").

Plaintiff cites no persuasive authority to the contrary. Instead, she argues that she needs more discovery to determine whether the Plan has "'delegate[d] its financial responsibilities'" to the stop-gap insurer. *See* Docket No. 44 at 4 (quoting *Bill Gray Enters.*, 248 F.3d at 215). The plain terms of the Plan make clear, however, that the "Plan is not financed by an insurance company and benefits are not guaranteed by a contract of insurance." Docket No. 9-1 at 4. Plaintiff also argues that the stop-gap policy contains language indicating that the stop-gap insurer may take over administration of the Plan upon the stop-gap thresholds being met. *See* Docket No. 44 at 3; *see* Docket No. 44-1 at 2. The Court cannot glean from the attached section of the policy, which in fact refers to the Third Party Administrator, on what basis plaintiff believes that the Plan's administration is turned over to the insurer at any point. The Plan itself is clear that defendant UMR "provides administrative services such as claim payments for medical claims." Docket No. 9-1 at 4.

Although plaintiff seeks additional discovery, she does not specifically identify what she lacks to address the issue of whether the stop-gap insurance policy, the

5

existence of which forms the basis for her objection to summary judgment, renders the plan not self-funded.  Plaintiff has been in possession of much of the policy since Vail filed its motion to dismiss and referenced the substance of the Form 5500 in her complaint.  In short, plaintiff fails to specify why, on the dispositive issue she has identified, she is unable to "present facts essential to justify [her] opposition" to summary judgment.  Fed. R. Civ. P. 56(d).

Because plaintiff does not contest ERISA preemption of her claims on any other basis and concedes that she may not proceed on the purely state law claims here if they are preempted by ERISA, the Court grants summary judgment to defendants.

For the foregoing reasons, it is

**ORDERED** that defendants' motions to dismiss [Docket Nos. 9 and 10] pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Court converted into motions for summary judgment pursuant to Federal Rule of Civil Procedure 12(d), are GRANTED. Summary judgment shall enter in favor of defendants and against plaintiff.

DATED September 26, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge